**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. KERRY FECHNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| CUSTOM CULINARY, INC., an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, DR. KERRY FECHNER ("Plaintiff" or "FECHNER"), by and through her attorneys, the Law Offices of Eugene K. Hollander, and for her Complaint At Law, states as follows:

**JURISDICTION**

1.      This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) – 2.  Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331.  The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 2000(e) – 2, providing for declaratory, injunctive and other relief against employment discrimination based upon sex, and pursuant to 29 U.S.C. §201 *et. seq*.

2.      Venue is proper under 28 U.S.C. § 1391 (B).  The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3.      All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    **a.** Plaintiff filed a charge of discrimination, Charge No. 440-2020-03427, with the the Equal Employment Opportunity Commission ("EEOC") on June 12, 2020, a copy of which is attached hereto as **Exhibit 1.**

    **b.** Plaintiff was issued a notice of right to sue for Charge No. 440-2020-03427 by the EEOC on January 14, 2021, a copy of which is attached hereto as **Exhibit 2.**

## PARTIES

4.    FECHNER is a citizen of the United States and the State of Illinois and resides in Plainfield, Will County. Illinois.

5.    FECHNER was a member of a protected class, female, under Title VII of the United States Code when the unlawful employment practices occurred.

6.    CUSTOM CULINARY, INC., (herein, "CUSTOM CULINARY"), is an Illinois corporation and is in the business of manufacturing and selling culinary products throughout the world. During all relevant times herein, Defendant was headquartered at 2100 Weisbrook Drive, Oswego, Kendall County, Illinois.

7.    FECHNER was employed by CUSTOM CULINARY as a Material Manager and was an "employee" as that term is defined by Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

8.    CUSTOM CULINARY is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

9.    FECHNER was hired by CUSTOM CULINARY in or August, 2012.

10.    During the course of her employment, FECHNER reported to Bill Murphy, ("Murphy"). Through 2018 and 2019, Murphy told Plaintiff that his wife stayed home to

care of their sons and that she only returned to work after their sons were older. Murphy implied by these comments that FECHNER could not have both a career and family.

11.     In August, 2019, Murphy offered FECHNER a demotion "because of health and family" and that if she was interested, Murphy would discuss same with David Love, his Manager. FECHNER declined the "offer."

12.     Murphy subsequently told FECHNER that he would never promote her because she "could not take the stress."

13.     On September 30, 2019, FECHNER commenced a short term disability leave and subsequently returned to work on December 9, 2019.

14.     Upon her return to work, FECHNER met with Brittny Mapp, ("Mapp"), Human Resources Director. Plaintiff told Mapp that she could not work for Murphy because of his management style of "fear and intimidation." Mapp blamed FECHNER, telling her that it was her fault since "you are a manager, you should have managed the situation."

15.     Defendant subsequently gave FECHNER a negative review in or about October, 2019, and placed her on a performance improvement plan.

16.     On December 26, 2019, FECHNER was constructively discharged.

### COUNT I – TITLE VII – GENDER DISCRIMINATION

17.     FECHNER reincorporates and realleges Paragraphs 1 through 16 as though more fully set forth herein.

18.     Throughout her employment, Defendant discriminated against FECHNER because of her gender, female. Defendant failed to take any steps to stop this conduct

which amounted to condonation, ratification, approval, and perpetuation of the discriminatory behavior.

19.     By creating, condoning, and perpetuating a discriminatory work environment, Defendant has intentionally and with reckless indifference and disregard violated Title VII of the Civil Rights Act of 1991.

20.     Defendant's condonation, ratification, approval, and perpetuation of its employee's discriminatory donduct has caused FECHNER to suffer severe humiliation, embarrassment, degradation, and emotional distress.

21.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, DR. KERRY FECHNER, respectfully prays that this Honorable Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

2.     Permanently enjoin Defendant CUSTOM CULINARY, INC., its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.     Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of sex;

4.     Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, and benefits

4

for Plaintiff to those which she would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5.     Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6.     Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7.     Award Plaintiff punitive damages for Defendant's willful conduct; and

8.     Grant such other relief as may be just and proper.

## COUNT II – TITLE VII - RETALIATION

22.     Plaintiff reincorporates and realleges paragraphs 1 through 16 as though more fully set forth herein.

23.     During the course of her employment, FECHNER engaged in protected activity by objecting to the discriminatory conduct to which she was subjected to.

24.     Defendant retaliated against FECHNER after she engaged in protected activity by giving her a negative performance review, placing her on a performance improvement plan and constructively discharging her.

25.     As a direct and proximate result of Defendant's retaliatory conduct, FECHNER suffered great mental anguish, embarrassment, emotional distress and pecuniary losses.

26.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, DR. KERRY FECHNER, respectfully prays that this Honorable Court:

1.  Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

2.  Permanently enjoin Defendant CUSTOM CULINARY, INC., its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.  Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not retaliate against someone who engages in protected activity;

4.  Immediately assign Plaintiff to that job she would now be occupying but for the retaliatory practices of Defendant, and adjust the wage rates, salaries, and benefits for Plaintiff to those which she would be enjoying but for the retaliatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5.  Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the retaliatory practices of Defendant;

6.  Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7.  Award Plaintiff punitive damages for Defendant's willful conduct; and

8.  Grant such other relief as may be just and proper.

Respectfully submitted,

**DR. KERRY FECHNER,**
Plaintiff,

By:    <u>s/ Eugene K. Hollander</u>
       One of her attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
230 W. Monroe
Suite 1900
Chicago, IL 60606
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com

# EXHIBIT 1

EEOC Form 5 (11/09)

| # CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | [ ] FEPA<br>[X] EEOC | 440-2020-03427 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| DR. KERRY FECHNER | (630) 988-1548 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 13636 MARIGOLD ROAD, PLAINFIELD, IL 60544 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CUSTOM CULINARY | 15 - 100 | (630) 299-0500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2100 WEISBROOK DR, OSWEGO, IL 60543 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-01-2019   Latest: 12-26-2019

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent in or around August 2012. My most recent position was Material Manager. During my employment, I was subjected to harassment. I complained to Respondent about the harassment, and subsequently, I was placed on a performance improvement plan and constructively discharged.

I believe that I have been discriminated against because of my sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Kerry Fechner on 06-12-2020 11:27 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT:  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT 2

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Kerry Fechner**<br>**13636 Marigold Road**<br>**Plainfield, IL 60544** | From: | **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2020-03427** | **Gregory T. Mucha,**<br>**Investigator** | **(312) 872-9686** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

| *Julianne Bowman/np* | 1/14/2021 |
|---|---|
| **Julianne Bowman,**<br>**District Director** | *(Date Issued)* |

Enclosures(s)

cc: **CUSTOM CULINARY**
**c/o Jeannil D. Boji**
**Perkins Coie**
**131 South Dearborn Street, Suite 1700**
**Chicago, IL 60603**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn
Suite 1866 (Enforcement, State and Local & Hearings)
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Intake Information Group: (800) 669-4000
Intake 'nformation Group TTY: (800) 669-6820
Chicago Direct Dial: (312) 872-9777
Administration Fax: (312) 588-1255
Enforcement/File Disclosure Fax: (312) 588-1260
Federal Sector Fax: (312) 588-1265
Intake Fax: ( 312) 588-1286
Legal Fax: (312) 588-1494
Mediation Fax: (312) 588-1498
Website: www.eeoc.gov

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sylvia Bustos** and either mailed to the address above, faxed to **(312) 588-1260** or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). ***Be sure to include your name, address, phone number and EEOC charge number with your request***.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* <u>Before filing a lawsuit,</u> but within 90 days of your receipt of the Right to Sue, or

* <u>After your lawsuit has been filed.</u> If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) or enough pages to determine whether it was filed based on the EEOC charge.

If you are the ***Respondent*** you may be granted access to the file ***only after*** a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file, which will be sent to you after receipt of your written request. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Aloha Print Group**. You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, <u>it is recommended that you first review your file</u> to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent <u>in its entirety</u> to the copy service, <u>and you will be responsible for the cost</u>. Payment must be made directly to **Aloha Print Group,** which charges 15 cents per page.

(Revised 05/20/19, previous copies obsolete)

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS**

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

**IF THE FIRST THREE CHARACTERS OF YOUR <u>EEOC CHARGE NUMBER</u> ARE "21B" <u>AND</u> YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE <u>MUST</u> BE DIRECTED TO IDHR.**

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

**ATTORNEY REPRESENTATION**

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

**DESTRUCTION OF FILE**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

# INFORMATION ON WHERE TO FILE SUIT

You have been notified of your right to sue in Federal District Court. Suit is ordinarily filed in the District having jurisdiction of the county in which the employer, against whom you filed a Charge of employment discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

| U.S. DISTRICT COURT Northern District of Illinois **Eastern Division at Chicago** 219 South Dearborn Street Chicago, IL 60604 312-435-5670 | | U.S. DISTRICT COURT Central District of Illinois **Urbana Division** 201 South Vine Urbana, IL 61801 217-373-5830 | |
|---|---|---|---|
| **Counties** | | **Counties** | |
| Cook | Kendall | Champaign | Kankakee |
| DuPage | Lake | Coles | Macon |
| Grundy | LaSalle | Douglas | Moultrie |
| Kane | Will | Edgar | Piatt |
| | | Ford | Vermillion |
| | | Iroquois | |
| U.S. DISTRICT COURT Northern District of Illinois **Western Division at Rockford** 211 South Court Street Federal Building Rockford, IL 61101 815-987-4355 | | **Peoria Division** 100 N.E. Monroe Street 135 Federal Building Peoria, IL 61602 309-671-7117 | |
| **Counties** | | **Counties** | |
| Boone | McHenry | Bureau | McLean |
| Carroll | Ogle | Fulton | Peoria |
| DeKalb | Stephenson | Hancock | Putnam |
| JoDaviess | Whiteside | Knox | Stark |
| Lee | Winnebago | Livingston | Tazewell |
| | | Marshall | Woodford |
| | | McDonough | |
| U.S. DISTRICT COURT **Southern District of Illinois** 750 Missouri Avenue East St. Louis, IL 62201 618-482-0671 *and* 301 Main Street Benton, IL 62812 618-438-0671 | | **Rock Island Division** 211 19th Street Rock Island, IL 61201 309-793-5778 | |
| **Counties** | | **Counties** | |
| Alexander | Johnson | Henderson | Rock Island |
| Bond | Lawrence | Henry | Warren |
| Calhoun | Madison | Mercer | |
| Clark | Marion | **Springfield Division** 600 East Monroe Street Springfield, IL 62701 217-492-4020 | |
| Clinton | Monroe | | |
| Crawford | Perry | | |
| Cumberland | Pope | | |
| Edwards | Pulaski | | |
| Effingham | Randolph | **Counties** | |
| Fayette | Richland | Adams | Logan |
| Franklin | St. Clair | Brown | Macoupin |
| Gallatin | Saline | Cass | Mason |
| Hamilton | Union | Christian | Menard |
| Hardin | Wabash | DeWitt | Montgomery |
| Jackson | Washington | Green | Morgan |
| Jasper | Wayne | Pike | Schuyler |
| Jefferson | White | Shelby | |
| Jersey | Williamson | | |